## Illinois Central R. R. Co. v. John F. Bryne.

1. INSTRUCTIONS—*Which Take Disputed Facts from the Jury.*—An instruction which takes from the jury disputed questions as to the provisions of a contract is erroneous.

Assumpsit, on a contract for transportation. Trial in the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed October 5, 1898.

### STATEMENT.

This was a suit in assumpsit, brought by the appellee against the appellant in the Circuit Court of McLean County, to recover damages for a breach of contract alleged to have been made by the appellant with the appellee to haul a car loaded with scenery and theatrical property, belonging to appellee, from Decatur to Bloomington for $15, paid it by the appellee, and to recover also the cost of passenger tickets purchased from the appellant by the appellee to transport members of the appellee's troupe from Decatur to Bloomington, claiming that by reason of the failure of the appel-

lant to haul said car as agreed, the appellee missed his engagement to give a performance in Bloomington, previously advertised, and to which appellee had sold a large number of tickets, and would have sold many more could he have kept his engagement, as he would but for such failure of the appellant.

A plea of general issue was interposed by the appellant, and by stipulation, all evidence, including tender, to be admitted under the plea, which would be admissible under any special plea, well pleaded. Trial by jury. Verdict for appellee for $400, upon which judgment was entered. The appellant brings the case to this court by appeal, and seeks a reversal of the judgment on the grounds that the Circuit Court erred in its rulings on instructions, the verdict is contrary to the law and evidence, and the performance of the contract sued on, under the circumstances shown by the evidence, would have been contrary to law.

The evidence disclosed that the appellee was the owner and manager of a traveling theatrical troupe known as the "Eight Bells Company," which gave a performance in Decatur on Saturday night, February 2, 1895, and was to give another in Bloomington the following Monday night. He owned a car in which he carried his scenery. The actors and baggage were carried upon regular cars and trains of the railroads. The appellant had at Decatur its freight agent, named Hovey, a ticket seller at the depot named Smith, and in the business part of the city, a city passenger agent named Penniwell. It owned a yard, which was used in common with it by other railroad companies, among them one called indifferently in the evidence, the "Pensylvania Company," the "Vandalia," and the "Terre Haute and Peoria," which latter had no tracks of its own except what was called the house track, several blocks from where the appellee's car was placed. The latter company used appellant's tracks for its yard purposes. Neither company had any repair shops at Decatur, but each employed one or two men to make such slight repairs as they could. The only repair shops at Decatur are those of the Wabash Railroad Company.

About two weeks before this troupe reached Decatur its advance agent applied to Penniwell for a contract with appellant to haul the scenery car from there to Bloomington in the passenger train that was to leave there Monday morning about nine o'clock. Penniwell wired Hansen, the general passenger agent of appellant, for instructions, and received in reply an answer that the car must pass inspection at Decatur by appellant's car inspector, and if it did, the car would be hauled for $15, and the actors and baggage would be taken at the regular fare of $1.31 for each person, and then the parties contracted in accordance with this instruction of the general passenger agent.

About eleven o'clock Saturday morning, appellee's troupe and car came into Decatur over the Pennsylvania road. One end of the car was injured so that the draw-bar was pulled out and bolts all broken, besides other defects. The other end was in good order. The car could have been hauled by the unbroken end at the rear of a train or locomotive.

Shortly after the car reached Decatur it was examined by appellant's car inspector and pronounced unsafe for transportation. Agent Hovey was informed of this and told appellee's manager that appellant would send the car to Clinton, twenty-two miles distant, to its shops, have it repaired, and returned in time to be loaded for the Monday morning's train. This offer was refused. At the request of the manager, appellant's switchman had the car placed where it was convenient for unloading and reloading. It does not appear when it was reloaded, or that appellant received any notice it was ready to be moved until Monday morning. The evidence tends to show it was intended by appellee to go then, by that train, and at no other time or in any other way. The afternoon of Saturday, appellee's business manager, Flack, went to Penniwell, paid him the amount agreed upon, and took a receipt dated Monday. It read:

"DECATUR CITY, ILL., Station, February 4, 1895.
Received of W. E. Flack, manager 'Eight Bells Com-

pany,' fifteen dollars ($15.00), for hauling car Decatur to Bloomington.

(Signed)   T. PENNIWELL, C. T. A."

According to the testimony of Penniwell and his son, either immediately before or just after the payment of the money, but, in either case, before Flack left the office, Penniwell learned by telephone the car had been refused by the inspector, and told Flack it could not be hauled until repaired. Between Saturday noon and Monday morning Flack and the stage manager of appellee, Kammerer, had several conversations with different employes of appellant, as to which the testimony does not fully agree, but there is little dispute the promise was repeatedly given by Flack the car should be repaired by the " Vandalia Co." in time for transportation to Bloomington on the regular Monday morning passenger train of the appellant. On Monday morning the actors of the troupe went to the depot of the appellant, to take the regular passenger train to Bloomington, but as the appellant refused to attach the scenery car to the rear thereof (claiming the car was in an unsafe condition), and as the entertainment could not be given without the scenery, they did not go. Appellant had no regular train, after the one left Monday morning, that could reach Bloomington in time for the troupe to prepare and give the entertainment there as advertised. After appellant's Monday morning passenger train left Decatur, the scenery car was taken by the appellee to the Wabash shops and repaired. The appellant tendered to the appellee the money paid for transporting the scenery car and offered to pay back the money paid for the tickets for the actors, if the tickets would be given up; and this tender with all costs up to the time of filing the plea was paid to the clerk of the court below, for the use of the appellee, as he refused to receive it.

WILLIAMS & CAPEN, attorneys for appellant.

A. E. DeMANGE, attorney for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

The evidence shows that the appellant agreed to transport the scenery car of the appellee from Decatur to Bloomington in consideration of $15 paid it therefor. There was a conflict in the evidence as to whether or not it was also agreed between them that this car should be carried only on the Monday morning regular passenger train of the appellant, provided it was in a condition then to be safely carried. That the car of appellee, which appellant agreed to carry from Decatur to Bloomington, was in such a condition Monday morning that it might be unsafe and improper for the appellant to attach it to its train then about to leave Decatur for Bloomington, is abundantly shown by the evidence; and as the terms and conditions of the contract to carry same were in dispute, it became necessary that the court's instructions to the jury should be on those disputed points accurate and fair to both parties to this suit. The first instruction given by the court, at the request of the appellee, was to the effect that if the appellee had proven the appellant agreed to haul the car from Decatur to Bloomington and failed to do so, then they should find for the appellee; this instruction took from the jury the disputed question as to whether the contract sued on provided that the car should be carried only on the Monday morning passenger train of appellant, if its condition was such then that it could be safely carried thereon, and whether it was in fact in such condition, for which reason the instruction as given contained error prejudicial to the appellant, since it in effect told the jury that all they need find from the evidence was that the appellant had contracted to carry the scenery car of the appellee from Decatur to Bloomington and failed to do so, in order that their verdict should be for the appellee, all of which was proven and not in dispute; while the appellant had a right, in the condition of the evidence, to have the court submit to the jury whether the contract as made did or did not contain the conditions contended for by the appellant, and whether the condition of the car was such that it was or

was not safe and proper to take it on the train as it then was. The second instruction, given at the instance of the plaintiff, was to the effect that if the defendant could have hauled the car coupled by its good end to a locomotive, or to the end of a train other than a passenger train, without danger in excess of the ordinary danger incident to hauling of other cars, then the plaintiff is entitled to recover. This instruction was erroneous because it left out the disputed element, as to whether or not the contract as made was to carry it only on the regular Monday morning passenger train, provided its condition then was such that it could be safely carried on that train.

The third and fifth instructions given at the instance of the plaintiff were open to the same error as that pointed out in the second. It is entirely proper that the law applicable to different questions arising under the pleadings and the evidence may be stated in separate instructions, and the entire law applicable to all the questions involved in a case need not be stated in each instruction. In such case the instructions supplement each other; and if, when viewed as a series, they present the law of the case fairly, it will be sufficient. But if an instruction directs a verdict for either party, or amounts to such direction in case the jury shall find certain facts, it must necessarily contain all the facts which will authorize the verdict directed. Pardridge v. Cutler, 168 Ill. 504.

The terms of the contract sued on in this case were in dispute, the appellant contending that it had only agreed to carry the car of the appellee on its regular Monday morning passenger train, provided the condition of the car then was such that it could be safely carried on that train, while the appellee contends that the contract was to carry the car Monday morning at all events. Hence it was important for the jury to find from the evidence that the terms of the contract as made were—and these instructions told them it was—only necessary for them to find that the defendant had agreed to carry the car and did not do it; therefore they contained prejudicial error. At the request of the appellant

the Circuit Court gave instructions that properly submitted the disputed elements of the terms of the contract sued on to the jury; but we are not satisfied, in view of all the evidence in this record, that the jury were not misled by the erroneous instructions given at the instance of the appellee. The court refused defendant's eighth instruction, which was as follows: "The court instructs you that the paper of date February 4, 1895, offered in evidence, is not a contract, but a mere receipt for money, and as such can be explained by outside evidence."

We think this instruction under the evidence should have been given, and that it was prejudicial error to refuse it, because the appellant was entitled to have the jury fully understand that the receipt for the $15, which stated it was paid to carry the car in question from Decatur to Bloomington, was open to explanation by outside evidence and not conclusive upon the appellant. This exact question was not included in any other instruction given.

For the errors indicated we reverse the judgment of the Circuit Court of McLean County, and remand this case to that court for a new trial.   Reversed and remanded.